13-4737-cr
United States v. Morrison

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8ᵗʰ day of October, two thousand fourteen.

PRESENT:  BARRINGTON D. PARKER,
    GERARD E. LYNCH,
    SUSAN L. CARNEY,
      *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

     *Appellant*,

    v.           No. 13-4737-cr

RODNEY MORRISON,

     *Defendant - Appellee*.

_____

FOR APPELLANT:     JAMES M. MISKIEWICZ, Assistant United States Attorney (David C. James, Assistant United States Attorney, of counsel), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

FOR DEFENDANT-APPELLEE:   JILLIAN S. HARRINGTON, Monroe Township, New Jersey.

Appeal from the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the district court is AFFIRMED.

The government appeals from an order of the district court, which granted Defendant-Appellee Rodney Morrison's motion for a new trial based on evidence of an effort to tamper with the jury that came to light following Morrison's trial. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Morrison was convicted by a jury of one count of racketeering conspiracy, in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d), based on his sale of untaxed cigarettes in violation of the Contraband Cigarette Trafficking Act ("CCTA"), 18 U.S.C. § 2341 *et seq.*, and one count of illegal possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g). The district court later vacated Morrison's RICO conspiracy conviction on grounds not relevant here. *See United States v. Morrison*, 706 F. Supp. 2d 304 (E.D.N.Y. 2010). On appeal, we reversed that order, affirmed Morrison's conviction under 18 U.S.C. § 922(g), and remanded the case to the district court for sentencing. *See United States v. Morrison*, 686 F.3d 94 (2d Cir. 2012).

While the appeal was pending, however, the government learned that, during the jury's deliberations, an unidentified individual had attempted to bribe the jury foreperson, Keith Anstead, to induce him to return a verdict favorable to the defendant, and he had

2

failed to disclose the attempt. The government opened a grand jury investigation, and, upon our remand of the case, informed the district court and the defendant of the incident. Morrison moved to vacate his conviction. After three days of evidentiary hearings pursuant to *United States v. Remmer*, 347 U.S. 227 (1954), the district court found that the government had not successfully rebutted the presumption of prejudice that applies when a juror is exposed to extrajudicial influence, *see id.* at 229, and that Morrison was therefore entitled to a new trial on the counts on which he had been convicted. On appeal, the government contends that the district court erred by effectively applying a *per se* rule, rather than a rebuttable presumption, of prejudice to grant Morrison's motion.[1]

We review a district court's decision to grant a new trial for abuse of discretion. *See United States v. Greer*, 285 F.3d 158, 170 (2d Cir. 2002). We review conclusions of law upon which the ruling is based *de novo*, because a court necessarily abuses its discretion if that discretion is "guided by erroneous legal conclusions." *Koon v. United*

---

[1] The government conceded below, and does not dispute on appeal, that the *Remmer* burden of proof standard applied here, despite the existence of a split among the circuits regarding the continued applicability of that standard in light of the Supreme Court's decisions in *Smith v. Phillips*, 455 U.S. 209 (1982), and *United States v. Olano*, 507 U.S. 725 (1993). *Compare United States v. Scull*, 321 F.3d 1270, 1280 (10th Cir. 2003) (continuing to apply the *Remmer* burden of proof standard); *Schaff v. Snyder*, 190 F.3d 513, 533-34 (7th Cir. 1999) (same); *United States v. Martinez*, 14 F.3d 543, 550 (11th Cir. 1994) (same); *and United States v. O'Brien*, 972 F.2d 12, 14 (1st Cir. 1992) (same), *with United States v. Pennell*, 737 F.2d 521, 532 (6th Cir. 1984) (holding that "[i]n light of *Phillips*, the burden of proof rests upon a defendant to demonstrate that unauthorized communications with jurors resulted in actual juror partiality"). Because that issue has not been presented to us, we do not address it further.

3

*States*, 518 U.S. 81, 100 (1996). A motion for a new trial is granted "if the trial was not fair to the moving party." *Rivas v. Brattesani*, 94 F.3d 802, 807 (2d Cir. 1996).

The district court did not abuse its discretion here. Guided by the standards outlined in *Remmer*, it expressly acknowledged that its task was to determine whether the government had rebutted the presumption of prejudice by "com[ing] forward with information that the extraneous influence was harmless." In making that determination, the court was required to "apply an objective test, assessing for itself the likelihood that the influence would affect a typical juror." *Bibbins v. Dalsheim*, 21 F.3d 13, 17 (2d Cir. 1994) (internal quotation omitted). It found that Anstead was, like the juror in *Remmer*, "'a disturbed and troubled man from the date of the . . . contact until after the trial,'" quoting *Remmer v. United States*, 350 U.S. 377, 381 (1956), as a result of the bribe attempt and because of his fear of "significant sanction should his abhorrent conduct later be uncovered." The court further concluded that the "typical or hypothetical" juror would react just that way. As a result, the district court held that the contact had not been harmless in this case.

The government argues that the district court disregarded factors tending to show that the extrajudicial contact was harmless, including the overwhelming proof on the counts of conviction, the length of the jury's deliberations, and the mixed verdict it returned. But far from disregarding the factors proffered by the government to rebut the presumption of prejudice, the district court acknowledged and considered them. It concluded, nonetheless, that a hypothetical juror in Anstead's position would have been

4

"troubled" by such a bribe offer and that his ability to function as a juror would have been compromised. That conclusion, reached after careful deliberation by an experienced district judge who had presided over the trial and observed the testimony elicited during the *Remmer* hearing, was – to say the very least – within the district court's discretion to draw after weighing the relevant factors.[2]

We have considered the government's remaining arguments and find them to be without merit. The order of the district court is therefore AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[2] The government also argues that the district court erred by relying on *McDonough Power Equipment v. Greenwood*, 464 U.S. 548 (1984), because that case, unlike this one, concerned juror misstatements during *voir dire*. The argument grasps at a straw. Assuming *arguendo* that *McDonough Power* is distinguishable, the district court's reference to that case, in an observation the court characterized as "[p]arenthical[]," simply emphasized the court's conclusion that the impartiality of Anstead, and possibly other jurors, had been compromised. The district court's decision was solidly based in the evidence, and relied not on *McDonough Power* but on the district court's application of the correct standards, as articulated by *Remmer* and its progeny.

5